UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALISON STARKEY, Individually, and on behalf of the Estate of Gregory Starkey, and as Natural Tutrix of her minor children | CIVIL ACTION |
| VERSUS | NO. 10-4178 |
| EXXON MOBIL OIL CORPORATION, CHALMETTE REFINING, LLC, WILSON SUPPLY, a business unit of SMITH INTERNATIONAL, INC., and TOTAL SAFETY U.S., INC. | SECTION "K"(3) |

### ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment" filed on behalf of defendant Total Safety U.S., Inc. ("Total Safety") (Doc. 59). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

BACKGROUND

Gregory Starkey, an employee of Team Industrial Services, Inc. ("Team") died October 6, 2010 in the course and scope of his employment while attempting to repair a gas leak in the "Sats Gas Line" at the Chalmette Refinery, owned by Chalmette Refining, L.L.C. ("CRLLC") and operated by Exxon Mobil Oil Corporation ("EMOC"). Despite wearing a "freshair" respirator, he became overcome by hydrogen sulfide gas leaking from the "Sats Gas Line."

Mr. Starkey's widow filed suit in state court on behalf of herself, Mr. Starkey's estate, and as natural tutrix of his children against EMOC and CRLLC.[1] The defendants removed the suit to federal court. Thereafter plaintiff added Wilson Industries ("Wilson"), as a defendant alleging that

---

[1] EMOC and CRLLC have now been dismissed from the suit.

it provided the fresh air equipment being used by Mr. Starkey at the time of his death, that it negligently maintained the fresh air equipment and that the equipment was ineffective for the required repair work and caused or contributed to Mr. Starkey's death. Wilson filed a third party complaint against Scott Health & Safety, a Division of Scott Technologies, Inc. and/or Scott Technologies ("Scott") the manufacturer of the breathing equipment alleging contractual indemnity, product defect, and redhibitory indemnity related to the claims for Mr. Starkey's death. Thereafter plaintiff added Scott as a defendant, as well as two other defendants, i.e., Colt Industrial Services, Inc. and and Total Safety U.S., Inc. ("Total Safety"). Plaintiff alleges that Total Safety "provided air supply services to Exxon and Chalmette Refining including, but not limited to, monitoring of fresh air tank pressures and adjustment of same[,]" that Total Safety personnel were monitoring the fresh air bottle rack during the incident[,]" and that "Total Safety personnel failed to properly monitor fresh air pressures which, if properly observed by experienced personnel, would have demonstrated that the fresh air equipment was not functioning properly. Doc. 1, ¶ 30, 31, and 32.

Total Safety filed a motion for summary judgment urging that plaintiff could not prove that "Total Safety bottle watchers 'failed to properly monitor fresh air pressures, which if properly observed by experienced personnel, would have demonstrated that the fresh air equipment was not functioning properly.'" Doc. 59-1, p.1. Plaintiff's initial response to the motion stated that "Plaintiffs are not aware of any evidence implicating Total Safety as a culpable party." Doc. 80, p. 2. Plaintiff's response also stated that "[p]laintiff does not oppose the granting of Total Safety's Motion for Summary Judgment. Plaintiff prays only that Total Safety be excluded from any Jury Verdict Form and that each party involved herein bear their own costs. " Id.

Thereafter the Court, on motion of Scott, continued the submission date of Total Safety's

motion for summary judgment to permit Scott, which had only recently been added as a defendant, an opportunity to assess whether it opposed the motion.  Doc. 90.  Scott has not filed an opposition to the motion.  However, plaintiff has filed a supplemental opposition to the motion for summary judgment stating that it has learned that Total Safety tests "the same type of breathing apparatus at issue in this case (specifically the failed check valve)" and that Total Safety "is the primary vendor in this area certified to test and repair Scott SKA-PAC equipment which is the same type of breathing apparatus, if not *the* breathing apparatus in use by Mr. Starkey at the time of his death."  Doc. 108-2, p.2.  Based on that information, plaintiff urges that the motion be denied until plaintiff has had the opportunity to depose three Total Safety employees identified as  Randy Porta, Troy Bello and Sabastin Armon in order to question the Total Safety employees concerning "both Total Safety's and the air supply industries methods for testing the specific air supply device at issue in this case, as well as information as to whether  Total Safety in fact tested the breathing apparatus in this matter."  Id.

## ANALYSIS

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996),  citing  *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).  When the moving party has carried its burden under Rule

56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F. 3d 851,857 (5th Cir. 2010).

Total Safety has submitted substantial competent summary judgment evidence establishing that its employees properly monitored the fresh air pressure gauges at the relevant times. Plaintiff has not offered any evidence raising a genuine issue of material fact with respect to whether Total Safety's employees properly monitored the fresh air pressure gauges, and in fact plaintiff concedes that it was "not aware of any evidence implicating Total Safety as a culpable party." Doc. 80, p. 2.

4

Total Safety has also submitted competent summary judgment evidence negating the possibility that Total Safety inspected the breathing apparatus used by Mr. Starkey at the time of his death. Total Safety employee Mickey Bercegeay, the District Manager for the Gonzales, Louisiana branch of Total Safety's rental compliance division executed a declaration in which he stated:

- "Total Safety would not, and did not, inspect any equipment owned by Wilson that is dispensed by Wilson through the distribution center at Exxon Chalmette";
- "Total Safety stopped renting equipment to Wilson in approximately 2008";
- "Once Total Safety stopped renting air paks to Wilson, Wilson returned the equipment to Total Safety"; and
- "Other than the possibility that air packs rented by Total Safety to Wilson may have been used at the Chalmette Refinery many years prior to this incident, Total Safety has not supplied air packs or masks to Exxon for use at the Chalmette refinery."

Doc. 111-5, Ex. A. Total Safety also submitted a declaration from Randall Porta, an employee, of Total Safety in the Gonzales, Louisiana branch of Total Safety's rental compliance division, or its predecessors which states in pertinent part:

- "Total Safety has never, worked on any breathing air equipment which is owned by Wilson and dispensed by Wilson through its distribution center inside the refinery at Chalmette";
- Wilson would be responsible for servicing the breathing air equipment dispensed by Wilson through its distribution center inside the Chalmette refiner, and
- He has no knowledge about Wilson's procedures or policies for inspecting breathing air equipment.

Doc. 111-7, Ex. B. Additionally, David Bellow and Sebastian Armand, Jr., both employees of Total Safety in the Gonzales, Louisiana branch of Total Safety's rental compliance division filed declarations which includ identical statements. Doc. 111-7, Ex. C and D. Considered together the

four declarations submitted by Total Safety negate the possibility that Total Safety tested the breathing apparatus involved in this case.

Plaintiff has not raised provided any evidence raising any genuine issue of material fact with respect to Total Safety's liability, nor has plaintiff demonstrated the need for additional discovery prior to the Court rendering its decision on this motion.  Accordingly, the  Court grants Total Safety's "Motion for Summary Judgment."

New Orleans, Louisiana, this 27th day of October, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE